# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA BELL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-02277 (RC) |
| | : | | |
| v. | : | Re Document No.: | 14 |
| | : | | |
| MARK T. ESPER, IN HIS OFFICIAL CAPACITY AS SECRETARY OF DEFENSE, UNITED STATES DEPARTMENT OF DEFENSE,[1] | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Yolanda Bell, a former employee of the Department of Defense, has brought a Complaint against Defendant Mark T. Esper, in his official capacity as Secretary of Defense. Ms. Bell, originally proceeding *pro se*, makes several claims relating to her employment at and her termination from the Department of Defense. Defendant has moved, pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6), to dismiss this case for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Ms. Bell, now represented by counsel, concedes that all her claims should be dismissed except for those arising under the Whistleblower Protection Act. Instead of dismissing, Ms. Bell asks that the Court transfer her Whistleblower Protection Act claims to the U.S. Court of Appeals for the Federal Circuit. For the reasons discussed below, the Court denies Defendant's motion to dismiss Ms. Bell's Whistleblower Protection Act claims and grants Defendant's motion to dismiss Ms. Bell's

---

[1] By substitution pursuant to Fed. R. Civ. P. 25(d).

remaining claims. The Court further grants Ms. Bell's request to transfer her Whistleblower Protection Act claims to the U.S. Court of Appeals for the Federal Circuit.

## II. FACTUAL BACKGROUND

Plaintiff Ms. Bell, originally proceeding *pro se* but now with the assistance of counsel, filed suit against then–Secretary of Defense James N. Mattis. Am. Compl. at 2, ECF No. 4. Ms. Bell, proceeding *pro se*, filed her original Complaint on October 1, 2018, ECF No. 1, and her Amended Complaint on October 22, 2018, ECF No. 4. Count I of the Amended Complaint alleges harmful error and violation of law on the part of the Merit Systems Protection Board ("MSPB") and the Defense Logistics Agency ("DLA") under 5 C.F.R. 1201.56(b)(1), (b)(3), and (c)(3). Am. Compl. at 4–8. Counts II and III of the Amended Complaint, brought pursuant to the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, allege reprisal and retaliation for Ms. Bell's Equal Employment Opportunity ("EEO") complaints, and her disclosures to the Department of Defense Inspector General and members of Congress. *Id.* at 9–12. The Complaint proceeds from Count III to Count V without including a Count IV, but the Court will assume that Count IV was meant to be the unlabeled claim following Count III—interference with a worker's compensation claim Ms. Bell had pursued while at the Department of Defense. Am. Compl. at 11–12. Count V of the Amended Complaint alleges discrimination based on race, color, disability, and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII'), 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. 791. Am. Compl. at 12–15. Count VI alleges harassment and hostile work environment under Title VII, *id.* at 15–20, and Count VII alleges age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 631, Am. Compl. at 20. Ms. Bell further appears to allege violations of and seek relief under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 *et*

*seq.*, the Civil Service Reform Act, 42 U.S.C. § 1983, and the False Claims Act ("FCA").[2] *See* Am. Compl. at 1. Finally, Ms. Bell claims denial of her due process rights under the Fifth and Fourteenth Amendments. *Id.*

Ms. Bell was employed by the U.S. Department of Defense ("DoD") Defense Travel System ("DTS") as a GS-14 Program Analyst beginning on November 21, 2009. *Bell v. Dep't of Def.*, No. 16-2403, 2018 WL 4637006, at *2 (D.D.C. Sept. 27, 2018). In July 2011, after DTS was absorbed by the DLA, Ms. Bell began working for DLA. *Id.* Ms. Bell was officially removed from her position on February 6, 2015 for being absent without leave. *Id.*

In pursuit of various claims in relation to her employment and removal from the DoD, Ms. Bell has filed several prior complaints with the EEO, the MSPB, United States District Court for the Eastern District of Virginia, and this Court. *See generally* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 2–13, ECF No. 15. Most relevant to the present action, Ms. Bell, in her second perfected MSPB appeal of her removal from the DLA, raised the following affirmative defenses: harmful error; violation of due process; discrimination based on race, color, national origin, sex, religion, and age; hostile work environment; and "retaliation for [EEO] activity, for filing Inspector General (IG) complaints, for filing an Office of Workers' Compensation Program (OWCP) claim, and for making disclosures to Congress." Def.'s Mem. Ex. 12, MSPB, Initial Decision, Dkt. No. DC-0752-15-0474-I-4 (July 27, 2018) ("MSPB Decision") at 9–10, ECF No. 15-11. All of Ms. Bell's arguments were rejected, *id.* at 24, and the MSPB issued its initial decision affirming the Agency's removal of Ms. Bell on July 27, 2018,

---

[2] Ms. Bell mentions the FCA only at the outset of her Amended Complaint. Am. Compl. at 1. She never raises any claim or identifies any conduct that could plausibly state a claim under the FCA. *See generally* 31 U.S.C. § 3729(a) (creating liability for a person who "knowingly presents or causes to be presented a false or fraudulent claim for payment or approval" and similar conduct). Further, the a federal government agency is not a proper defendant for a FCA suit. *See Galvan v. Fed. Prison Indus., Inc.*, 199 F.3d 461, 467–68 (D.C. Cir. 1999).

*id.* at 1. The MSPB's decision became final on August 31, 2018. *See id.* at 34. Ms. Bell subsequently filed the present action on October 1, 2018. *See* Compl.

Ms. Bell's Amended Complaint is, to a large extent, a reiteration of the same arguments that she presented before the MSPB. *See* Am. Compl. The only apparent additional claims include an allegation of harmful error by the MSPB on multiple grounds, *see id.* at 4, and an allegation that DLA interfered with a worker's compensation claim that Ms. Bell pursued, *see id.* at 11–12.

Now before the Court is Defendant's Motion to Dismiss, ECF No. 14. Defendant first argues that all of Ms. Bell's claims are barred by the doctrine *res judicata* because Ms. Bell's claims are based on the same nucleus of operative fact as the claims she brought previously before this Court and before the U.S. District Court for the Eastern District of Virginia. Def.'s Mem. at 18–23. Defendant argues that Ms. Bell could have brought all the instant claims in those prior actions, and that many of her claims were in fact litigated in her Eastern District of Virginia lawsuit and are therefore barred by the doctrine of collateral estoppel. *Id.* Moreover, Defendant argues that Ms. Bell's due process claims must be dismissed for lack of subject matter jurisdiction. *Id.* at 23. Finally, Defendant argues that all of Ms. Bell's claims must be dismissed because this District is an improper venue. *Id.* at 23–25. Ms. Bell, now with the benefit of counsel, responds that her WPA claims remain viable and that, instead of dismissing, the Court should certify the WPA claims to the U.S. Court of Appeals for the Federal Circuit—where they should have originally been brought. Pl.'s Response to Def.'s Mot. to Dismiss ("Opp'n") at 4, ECF No. 18.

## III. ANALYSIS

The Court will first address Ms. Bell's WPA claims in order to determine whether these should be certified to the U.S. Court of Appeals for the Federal Circuit, as requested by Ms. Bell, or dismissed, as requested by Defendant. Then, the Court will turn to Ms. Bell's remaining claims. The Court concludes that transferring Ms. Bell's WPA claims to the U.S. Court of Appeals for the Federal Circuit best serves the interests of justice and that Ms. Bell's remaining claims are barred by *res judicata* and/or collateral estoppel.

### A. WPA Claims

Ms. Bell, while proceeding *pro se*, filed all her claims/appeals under the WPA with this Court. *See* Compl.; Am. Compl. at 9. Now, with the assistance of counsel, Ms. Bell acknowledges that these actions were improperly filed with this Court and, instead, should have been filed with the U.S. Court of Appeals for the Federal Circuit. Opp'n at 4. Ms. Bell, therefore, asks the Court to extend leniency for the mistake she made while proceeding *pro se*, and to "certify the [WPA] claims in [the] Complaint to the Court of Appeals for the Federal Circuit, or in the alternative, dismiss it [without prejudice for] filing there, per the WPA statutory appeal process." *Id.* Defendant responded by arguing that Ms. Bell's "WPA claims are barred by the doctrine of *res judicata*,"[3] and, alternatively, that this case should be dismissed for improper venue rather than be transferred because transfer "is not in the interest of justice." Reply Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply") at 1–2, ECF No. 19.

---

[3] *Res judicata* is not a jurisdictional issue but is instead an affirmative defense. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter."); *see also* Fed. Rule Civ. Proc. 8(c) (listing *res judicata* as an affirmative defense). Therefore, the Court would have to first determine whether it has jurisdiction to hear this case before turning to addressing the affirmative defense of *res judicata*. Because the Court will answer the first question in the negative, it does not reach the merits of the *res judicata* argument.

The question before the Court, then, is whether the WPA claims should be (1) transferred to the U.S. Court of Appeals for the Federal Circuit, (2) dismissed without prejudice, or (3) dismissed with prejudice. The Court finds that transfer to the U.S. Court of Appeals for the Federal Circuit is the most appropriate resolution in this context.

The Court agrees with Ms. Bell's current position that her claims arising under the WPA should have been appealed from the MSPB directly to the U.S. Court of Appeals for the Federal Circuit and not to this Court. Opp'n at 4. Under the WPA, claims like Ms. Bell's "shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction."[4] 5 U.S.C. § 7703(b)(1)(B); *see also Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("The MSPB's decision [on a whistleblower claim] is appealable to the Federal Circuit" (citing 5 U.S.C. § 7703)). Because this Court is not a Court of Appeals, it therefore lacks jurisdiction over a WPA claim on appeal from the MSPB.

This means the Court lacks jurisdiction over Ms. Bell's whistleblower claims. If they are considered an appeal of the MSPB's decision—and this is the most straightforward way to view them—the statute governs and dictates that they should have been brought elsewhere. The Amended Complaint never states that Ms. Bell intended to appeal the MSPB's decision, but instead frames the WPA claims as if they were part of a new action. *See* Am. Compl. at 9–11. Even if they are new claims, though, this Court still would not have jurisdiction. The law is clear that "[u]nder the procedures set forth in Title 5 of the U.S. Code, an employee who believes she

---

[4] The statute is somewhat more complex than this. In full, the relevant provision reads: "[a] petition to review a final order or final decision of the [MSPB] that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D) shall be filed in the [Federal Circuit] or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B). Ms. Bell's claims relate only to practices described in the relevant subsections, and so the instruction to file in the courts of appeals applies in this case.

is the victim of an unlawful reprisal must first bring her claim to the [Office of Special Counsel], which investigates the complaint" and then to the MSPB. *Stella*, 284 F.3d at 142. "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Id.* Thus, regardless whether these are the same claims brought before the MSPB or are new but very similar claims, the Court does not have jurisdiction to hear them.

Having determined that this Court lacks jurisdiction over the WPA claims, the Court turns to the Ms. Bell's request to transfer them to the Federal Circuit. Ms. Bell has asked the Court to transfer her WPA claims pursuant to 28 U.S.C. § 1406(a), apparently confusing transfer for improper venue—available under section 1406(a)—with transfer for lack of jurisdiction. Because Ms. Bell bases her transfer argument on the fact that this Court lacks jurisdiction, 28 U.S.C. § 1631 is the relevant statute. *See Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 112 n.4 (D.D.C. 2008) (citing *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986)) ("[S]*ua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court."). Under this statute, if jurisdiction over a civil action is lacking, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Moreover, "the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *Id.* Under section 1631, a court can transfer a case when the party seeking transfer establishes that (1) there is a lack of jurisdiction in the district court, (2) transfer is in the interest of justice, and (3) the action could have been brought in the transferee

court at the time it was filed or noticed. *Does 1–144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 233 (D.D.C. 2018) (citation omitted).

The lack of jurisdiction has been explained above, so the Court now turns to whether transfer is in the interest of justice. *See id.* "In deciding whether to transfer a case, courts consider, *inter alia*, whether the claims would be time-barred upon refiling, whether transfer would prejudice the defendants' position on the merits, and whether transfer would save the plaintiff the time and expense of refiling in a new district." *Id.* at 235. Moreover, "transfers, when possible, are preferred to outright dismissals." *Leitner-Wise v. Clark*, No. 18-cv-771, 2018 WL 6787999, at *7 (D.D.C. Dec. 26, 2018) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (noting that dismissals frustrates the general purpose of "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits")). "[T]he interest of justice generally favors transferring a case, particularly when a plaintiff is proceeding *pro se*," as Ms. Bell was when she filed in the wrong court. *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 259 (D.D.C. 2013) (citing *James v. Verizon Servs. Corp.*, 639 F. Supp 2d 9, 15 (D.D.C. 2009)). The Court may exercise discretion in determining whether transfer is in the interest of justice. *See Does 1–144*, 285 F. Supp. 3d at 235 (citing *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 276–77 (D.D.C. 2015).

The Court finds that transferring Ms. Bell's WPA claims is in the interests of justice. If the Court were to dismiss, even without prejudice, Ms. Bell would be well outside of the 60-day window to file an appeal of a final MSPB decision with the U.S. Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1)(B). Her claims may be time-barred if dismissed and refiled. *See Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1017 (Fed. Cir. 2017) ("[W]e do not have the authority to equitably toll the filing requirements of § 7703(b)(1)(A)."). Regardless,

transfer rather than dismissal would avoid needless litigation over whether the filing of this case tolled the relevant deadline. This weighs in favor of transferring. *See Does 1-144*, 285 F. Supp. 3d at 233 ("The possibility that these claims . . . could be permanently time-barred if dismissed weighs in favor of transfer."); *Freedman*, 139 F. Supp. 3d at 284–85. Transfer would also certainly save Ms. Bell "the time and expense of refiling" in the Federal Circuit. *Does 1-144*, 285 F. Supp. 3d at 235. Finally, Defendant does not provide any reasons why transfer would prejudice his position on the merits, so that consideration does not weight against transfer. *See id.*

As noted, Defendant urges that this case be dismissed because transferring would not be "in the interest of justice." Def.'s Reply at 2. Specifically, Defendant argues that Ms. Bell is not entitled to leniency based on her *pro se* status at the time of filing because of her "extensive record of litigation." *Id.* Although it is true that the latitude afforded to *pro se* litigants has a limit, the Court is not convinced that limit was reached here. Defendant does not cite to any cases that suggest that filing previous actions before districts courts and administrative agencies alone mitigates *pro se* litigants' inherent lack of knowledge and training. Indeed, even when courts have found that leniency is not warranted for a *pro se* litigant, none have reached that conclusion based on litigation experience alone. *See, e.g., Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 29 (D.D.C. 2014) (finding that plaintiff's *pro se* status was mitigated by her legal training); *Mann v. Castiel*, 729 F. Supp. 2d 191, 200 (D.D.C. 2010) (noting that the *pro se* plaintiffs were not "typical, unsophisticated *pro se* litigants" because "both are businessmen who have actively participated as *pro se* creditors," they proceeded through the litigation jointly with others who are represented by counsel, and one of the *pro se* litigants has formal legal training). Moreover, while Ms. Bell has litigated this set of claims in several

9

different forums, she has never appealed a WPA claim from a decision of the MSPB, so there is no reason to expect her to know this fairly specific jurisdictional rule. The Court, therefore, sees no reason to deny the leniency Ms. Bell was owed when she filed the Amended Complaint as a *pro se* litigant based on her record of litigation. After considering all the circumstances, the Court, in its discretion, concludes that transfer is in the interest of justice and that Ms. Bell meets the second element under 28 U.S.C. § 1631.

The final element under 28 U.S.C. § 1631 requires the Court to determine whether Ms. Bell's WPA claims could have been brought in the transferee court at the time it was filed or noticed. *Does 1-144*, 285 F. Supp. 3d at 233. Indeed, as established, a final decision from the MSPB can be appealed to the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(B). The only question that remains, therefore, is whether Ms. Bell's filing with this Court was within the allotted 60-day window for appeal of a final MSPB decision. *Id.* ("[A]ny petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board."). Ms. Bell's MSPB appeal became final on August 31, 2018, *see* MSPB Decision at 34, and Ms. Bell filed her original Complaint on October 1, 2018, *see* Compl. Therefore, Ms. Bell was well within the statutory time-limit for filing an appeal of a final MSPB decision when she filed her action with this Court.

For the foregoing reasons, all elements to transfer Ms. Bell's claims to the U.S. Court of Appeals for the Federal Circuit under 28 U.S.C. § 1613 are satisfied. The Court, therefore, grants Ms. Bell's request to transfer her WPA claims to the U.S. Court of Appeals for the Federal Circuit and denies Defendant's motion to dismiss the claims. The issue of whether the WPA claims are also barred by *res judicata* can be determined by that court.

### B. Remaining Claims

Defendant contends that Ms. Bell's claims are barred under both claim and issue preclusion. Def.'s Mem. at 19, 22. In response, Ms. Bell asserts only that her WPA claims remain viable. Opp'n at 4. Although Ms. Bell never explicitly concedes that the rest of her claims are barred under the theories of claim and issue preclusion, it appears as though this was her intention because she simply asserts that the preclusion "analysis fails when it comes to the Plaintiff's claims under the [WPA]," without making any argument with respect to any of her other claims. *See* Opp'n at 2–5. The Court will treat these arguments as conceded because of Ms. Bell's failure to respond to Defendant's arguments. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded"). Therefore, the Court will consider all of Ms. Bell's claims, other than the ones arising under the WPA, as concededly barred under the doctrines of claim and issue preclusion. Accordingly, the motion to dismiss is granted as to all of Ms. Bell's claims other than those arising under the WPA, which are transferred.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 14, is GRANTED IN PART AND DENIED IN PART. It is denied with regard to the WPA claims, and granted with regard to all other claims. Ms. Bell's request that the Court transfer her WPA claims to the U.S. Court of Appeals for the Federal Circuit is GRANTED. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: December 19, 2019                     RUDOLPH CONTRERAS
                                              United States District Judge